117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Montemayor AMBAT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70871, Aqs-nic-awn.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Montemayor Ambat, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Ambat contends that there is no substantial evidence to support the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution on account of imputed political opinion. We disagree.
 
 
 4
 Factual findings underlying the BIA's decision, including whether the alien has proven past persecution or a well-founded fear of future persecution, are reviewed for substantial evidence. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We must uphold the BIA's denial of asylum unless the alien demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1 (1992).
 
 
 5
 To be eligible for asylum, an alien must show either "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). When the alien seeks asylum on account of imputed political opinion, he must establish that a political opinion will be attributed to him, see Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997), and an objectively reasonable fear that he will be persecuted because of that political opinion. See Elias-Zacarias, 502 U.S. at 483; see also Acewicz, 984 F.2d at 1061.
 
 
 6
 Here, Ambat testified that between 1979 and 1990, the New People's Army ("NPA") demanded money from him. Ambat continued to pay the NPA money up until 1987, when he stopped his businesses and moved to Manila. After he stopped paying, the NPA beat him, causing him to be hospitalized and out of work. During the two years prior to his departure in 1992, Ambat had no further contact with the NPA because he claimed to be in hiding.
 
 
 7
 Ambat's testimony, even if true,[1] would not compel a finding of past persecution by the NPA on account of imputed political opinion. See Sangha, 103 F.3d at 1489. Ambat's admission that the NPA wanted his money and that he was only beaten because he stopped paying their demands evidences the economic rather than political motivation of the NPA. See id. at 1490-91. In addition, there was no evidence that Ambat ever expressed his political views to the NPA or that the NPA was aware of his views. See Abedini v. INS, 971 F.2d 188, 192 & n. 1 (9th Cir.1992).
 
 
 8
 Ambat also contends that there is substantial evidence to establish a well-founded fear of future persecution. However, Ambat's statement that he was not really sure what his situation would be if he were to return to the Philippines, suggests uncertainty and undercuts a well-founded fear of persecution. See Acewicz, 984 F.2d at 1061; see also Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (holding that alien failed to show a well-founded fear of persecution because evidence in record was entirely speculative). Further, the BIA properly considered that Ambat's problems seemed to subside after relocating to Cabide (near Manila), showing a strong likelihood of finding refuge in other areas in the Philippines, and avoiding future conflict with the NPA. See Cuadras, 910 F.2d at 571 n. 2. Moreover, Ambat's testimony regarding the NPA's interest in his money actually supported the opinions in the 1995 State Department Report regarding current country conditions and the NPA's motivations. See Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995); see also Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (stating that State Department's Country Reports are most appropriate and perhaps best resource for information on political situations in foreign nations). Therefore, the evidence would not compel a reasonable factfinder to find the requisite past persecution or well-founded fear of future persecution on account of imputed political opinion. See Elias-Zacarias, 502 U.S. at 481 & n. 1.
 
 
 9
 Because Ambat failed to demonstrate eligibility for asylum, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA affirmed the IJ's adverse credibility determination, finding that Ambat's testimony and the statements in his application for asylum were contradictory and internally inconsistent. When given the opportunity to explain the inconsistencies, Ambat was evasive, only stating that he did not remember or understand what was stated in his application. Since the IJ and the BIA gave specific and cogent reasons, substantial evidence supports their adverse credibility determination. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992)